ZINTER, Justice
(concurring specially).
[¶ 27.] I join the opinion of the Court and write only to supplement the Court’s discussion of Kurtz’s counsel’s comments regarding liability insurance during voir dire. The Court’s opinion does not fully set forth what occurred. Furthermore, in my view, counsel’s statements violated the circuit court’s ruling on Squires’s motion in limine prohibiting any mention of insurance. Nevertheless, I concur because, as the Court explains, the circuit court sustained objections to the comments, gave a cautionary admonition, and was in the best position to determine whether counsel’s remarks prejudicially tainted the jury-
[IT 28.] As the Court observes, Squires argues that he was entitled to a new trial because Kurtz’s counsel injected the subject of liability insurance in violation of Squires’s motion in limine. In determining whether Kurtz’s counsel violated the circuit court’s ruling on this motion, however, this Court mentions only the first sentence of the motion that prohibited references “to the fact that Defendant may he insured against liability.” See supra ¶4 (emphasis added). Although counsel’s statements did not violate that sentence, the last sentence further prohibited any “references to liability insurance ... at all times during this trial, including voir dire .... ” Counsel’s statements clearly violated this prohibition, which is not mentioned by this Court.
[¶ 29.] The violation is not apparent because this Court does not fully disclose the extent and context of counsel’s statements. The problem started when a juror voluntarily disclosed that she had previously been involved in an auto accident “and our insurance handled it.” (Emphasis added.) After the juror then revealed “they settled out of court,” counsel gratuitously interjected: “Okay. So how did you feel about them [the insurance company] having settled that on your behalf?” After the juror responded that she was glad she did not have to go to court, counsel pursued the insurance matter even further inquiring, “and were you glad in your case that somehow through your company [the insurance company] that helped you with it you were made accountable[4] to take care of [the injured party]?” In my view, these intentional statements relating to a tort- *417 feasor’s insurance and accountability violated that portion of the court’s ruling that prohibited any references to insurance. Certainly, whether a juror was glad that she had liability insurance to make her accountable in an unrelated proceeding had nothing to do with selecting fair and impartial jurors to determine liability and damages in this case. Counsel improperly interjected the subject of insurance accountability into voir dire, see generally Atkins v. Stratmeyer, 1999 SD 131, ¶ 13, 600 N.W.2d 891, 896, and the Court’s opinion should not be read to implicitly approve such statements.
[¶ 30.] Nevertheless, as the Court notes, the circuit court sustained objections to the questions, admonished the jury, and was in a better position to determine prejudice. I concur on that basis.

. Squires points out that Kurtz's counsel made numerous references to accountability. Squires also argues that prejudicial error was created by the references to insurance coupled with the references to being "accountable” for one’s actions. I also defer to the circuit court’s trial rulings and prejudice determination on this issue.